# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No. 05-190 (JNE/JGL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **JAY BROTHERS, INCORPORATED (01); MARK JAY (02); MICHAEL JAY (03);** | |
| Defendants. | |

APPEARANCES

Joe Dixon, Esq., Assistant United States Attorney, for Plaintiff United States of America

No appearance for Defendant Jay Brothers, Incorporated

Andrew S. Birrell, Esq. for Defendant Mark Jay

William J. Mauzy, Esq. for Defendant Michael Jay

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on August 5, 2005. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

An Indictment was filed against Defendants on June 14, 2005. All three Defendants were charged with embezzlement from a pension plan. Additionally, Mark Jay and Michael Jay were each charged with making a false statement in relation to a document required by ERISA. This Court held a pretrial motion hearing on August 5, 2005 at which Defendants Mark Jay and Michael Jay were present and represented by counsel. Defendant Jay Brothers, Inc. did not appear through counsel. Mark Jay and Michael Jay, as corporate officers of Jay Brothers, Inc., waived the corporation's right to counsel. United States Department of Labor Employee Benefits Security Administration Agent Stacy Gurin testified. No exhibits were admitted into evidence.

Defendant Mark Jay and Defendant Michael Jay both filed motions to suppress statements, which will be addressed in this Report and Recommendation. The parties' nondispositive motions will be addressed in a separate Order.

## I.   THE HEARING TESTIMONY

Agent Gurin testified at the hearing about statements made to her by Mark Jay and Michael Jay. She began investigating Defendants in December 2002 after receiving a complaint from an employee of Jay Brothers, Inc., who was unable to get a distribution from his employee pension benefit

plan. Agent Gurin searched the company's history and found two other instances in which Jay Brothers, Inc. had failed to set aside money for employees' pension funds.

Agent Gurin informed Jay Brothers, Inc. in a letter that she would perform an audit of its pension plan and would be making an onsite visit. She instructed the company to have a person with information about the plan available. In January 2003, Agent Gurin traveled to Minnesota from Kansas City. Agent Gurin met with two Jay Brothers employees and reviewed relevant documents. She met with Mark and Michael Jay at the end of the day to wrap-up the onsite part of the audit.

The meeting occurred in Mark and Michael Jay's office, and Defendants were seated at their desks. Agent Gurin did not administer a Miranda warning. The conversation lasted about ten minutes. The agent did not make any threats or promises, and Defendants were responsive to questions. Agent Gurin said she was not finished with the audit and would be taking some documents back to Kansas City. She asked Defendants why they had not stopped withholding contributions to the pension plan if they had cash flow problems. One of the Defendants replied they did not know they could do so. After the interview, Agent Gurin gathered a few more documents. She had some further casual conversation with Mark Jay before ending her

day. Neither Defendant was arrested. Agent Gurin had some additional communications with Defendants via telephone and letter about documents.

## II. DISCUSSION

Defendant Michael Jay's original motion, which consists of three sentences, broadly asserts that any statements he made were obtained in violation of his Fifth and Sixth Amendment rights. Defendant Mark Jay's motion is only two sentences and even less specific as to legal grounds. After the hearing testimony, the Court invited both Defendants to submit post-hearing memoranda detailing the facts and law in support of their motions, but they declined.

Nevertheless, the Court has examined the evidence and concludes that the statements should be deemed admissible. First, neither Mark nor Michael Jay was in custody at the time of the interview. A <u>Miranda</u> warning is required only when a suspect is in custody and is subjected to police interrogation. <u>Illinois v. Perkins</u>, 496 U.S. 292, 297 (1992). Although Defendants were not told that their participation in the interview was voluntary or that they were free to leave, <u>see</u> <u>United States v. Griffin</u>, 922 F.2d 1343, 1349 (8th Cir. 1990), other factors weight in the Government's favor. Defendants' movements were not restrained, and they appropriately responded to Agent Gurin's questions. <u>See id.</u> Agent Gurin did not employ

any strong arm tactics or deception, and the interview was not police dominated.  See id.  Defendants were not arrested after the interview.  See id.

Additionally, there is no evidence that Defendants' statements were coerced or that they requested counsel.  Further, the Sixth Amendment's right to counsel did not apply at the time of the interview.  See Davis v. United States, 512 U.S. 452, 456-57 (1994).  Defendants' motions to suppress statements should be denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Defendant Mark Jay's Motion to Suppress Statements (Doc. No. 20) should be **DENIED**; and

(2) Defendant Michael Jay's Motion to Suppress Statements (Doc. No. 29) should be **DENIED**.

Dated: August 22, 2005

 s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by September 9, 2005  .  A party may respond to the objections within ten days

after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.